IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KINDRED REHAB SERVICES, INC. d/b/a REHABCARE | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-458 |
| CAMBRIDGE HEALTH CARE, LLC d/b/a CAMBRIDGE HEALTH & REHABILITATION 1471 Willis Creek Valley Drive Cambridge, Ohio 43725 | ) ) ) ) ) ) | |
| FRANKLIN WOODS HEALTH CARE, LLC d/b/a FRANKLIN WOODS NURSING AND REHABILITATION CENTER 2770 Clime Road Columbus, Ohio 43223 | ) ) ) ) ) ) ) | COMPLAINT |
| LEBANON HEALTH CARE, LLC d/b/a LEBANON COUNTRY MANOR 700 Monroe Road, Lebanon, Ohio 45036 | ) ) ) ) ) | |
| LOGAN HEALTH CARE, LLC d/b/a LOGAN HEALTH CARE CENTER 300 Arlington Road Logan, Ohio 43138 | ) ) ) ) ) | |
| PICKERINGTON HEALTH CARE, LLC d/b/a PICKERINGTON NURSING & REHABILITATION CENTER 1300 Hill Road N. Pickerington, Ohio 43147 | ) ) ) ) ) ) | |
| WINCHESTER PLACE HEALTH CARE, LLC d/b/a WINCHESTER PLACE NURSING AND REHABILITATION CENTER 1336 Lehmann Drive, Canal Winchester, Ohio 43110 | ) ) ) ) ) ) ) | |
| DEFENDANTS. | | |

Plaintiff, Kindred Rehab Services, Inc. d/b/a RehabCare ("RehabCare" or "Plaintiff"), states as follows for its Complaint against Defendants, Cambridge Health Care, LLC d/b/a Cambridge Health & Rehabilitation Center ("Cambridge"), Franklin Woods Health Care, LLC d/b/a Franklin Woods Nursing and Rehabilitation Center ("Franklin"), Lebanon Health Care, LLC d/b/a Lebanon Country Manor ("Lebanon"), Logan Health Care Center, LLC d/b/a Logan Health Care Center ("Logan"), Pickerington Health Care, LLC d/b/a Pickerington Nursing and Rehabilitation Center ("Pickerington"), and Winchester Place Health Care, LLC d/b/a Winchester Place Nursing and Rehabilitation ("Winchester") (collectively, Cambridge, Franklin, Lebanon, Logan, Pickerington, and Winchester are the "Defendants" and individually a "Defendant"):

## NATURE OF THE ACTION

1.      This Action arises out of Defendants' failures to pay for therapy services provided by RehabCare to residents of the skilled nursing facilities owned and/or operated by each Defendant respectively as set forth below.

## THE PARTIES

2.      RehabCare is a Delaware corporation with its principal place of business in Louisville, Kentucky.  RehabCare provides therapy services to residents of long term care and skilled nursing facilities.

3.      Cambridge is a Delaware limited liability company.  For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members.  Based upon a review of publicly available information, the members of Cambridge are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.  Based upon information and belief, Mr. Bienstock resides in Chesterfield, MO; Mr. H. Fensterman resides in Port Washington, NY; Mr. J. Fensterman resides in Port Washington, NY; Mr. Landa resides in Lawrence, NY; and Ms. Taub resides in Lawrence, NY. Those individuals

2

do not reside in, are not domiciled in, and therefore are not citizens of Kentucky or Delaware. Further, based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in Lakewood, NJ. He does not reside in, is not domiciled in, and therefore is not a citizen of Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Cambridge is not a citizen of Delaware or Kentucky. Cambridge may be served through its registered agent CT Corporation System, 4400 Easton Columbus Commons Way, Ste. 125, Columbus, OH 43219. Cambridge owns and/or operates a skilled nursing facility located at 1471 Willis Creek Valley Drive, Cambridge, Ohio 43725 (the "Cambridge Facility").

4.      Franklin is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Franklin are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company. Based upon information and belief, Mr. Bienstock resides in Chesterfield, MO; Mr. H. Fensterman resides in Port Washington, NY; Mr. J. Fensterman resides in Port Washington, NY; Mr. Landa resides in Lawrence, NY; and Ms. Taub resides in Lawrence, NY. Those individuals do not reside in, are not domiciled in, and therefore are not citizens of Kentucky or Delaware. Further, based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias resides in Lakewood, NJ. He does not reside in, is not domiciled in, and therefore is not a citizen of Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Franklin is not a citizen of Delaware or Kentucky. Franklin may be served through its registered agent CT Corporation System, 4400 Easton Columbus Commons Way, Ste. 125, Columbus, OH 43219.

3

Franklin owns and/or operates a skilled nursing facility located at 2770 Clime Road, Columbus, Ohio 43223 (the "Franklin Facility").

5.    Lebanon is a Delaware limited liability company.    For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members.  Based upon a review of publicly available information, the members of Lebanon are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.  Based upon information and belief, Mr. Bienstock resides in Chesterfield, MO; Mr. H. Fensterman resides in Port Washington, NY; Mr. J. Fensterman resides in Port Washington, NY; Mr. Landa resides in Lawrence, NY; and Ms. Taub resides in Lawrence, NY. Those individuals do not reside in, are not domiciled in, and therefore are not citizens of Kentucky or Delaware.  Further, based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias.  Upon information and belief, Mr. Jeremias is an individual who resides in Lakewood, NJ. He does not reside in, is not domiciled in, and therefore is not a citizen of Kentucky or Delaware.  Thus, for purposes of federal diversity jurisdiction, Lebanon is not a citizen of Delaware or Kentucky.  Lebanon may be served through its registered agent CT Corporation System, 4400 Easton Columbus Commons Way, Ste. 125, Columbus, OH 43219.  Lebanon owns and/or operates a skilled nursing facility located at 700 Monroe Road, Lebanon, Ohio 45036 (the "Lebanon Facility").

6.    Logan is a Delaware limited liability company.  For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members.  Based upon a review of publicly available information, the members of Logan are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company. Based upon information and belief, Mr. Bienstock resides in Chesterfield, MO; Mr. H. Fensterman resides in Port Washington, NY; Mr. J. Fensterman resides in Port Washington, NY; Mr. Landa

4

resides in Lawrence, NY; and Ms. Taub resides in Lawrence, NY. Those individuals do not reside in, are not domiciled in, and therefore are not citizens of Kentucky or Delaware. Further, based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in Lakewood, NJ. He does not reside in, is not domiciled in, and therefore is not a citizen of Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Logan is not a citizen of Delaware or Kentucky. Logan may be served through its registered agent CT Corporation System, 4400 Easton Columbus Commons Way, Ste. 125, Columbus, OH 43219. Logan owns and/or operates a skilled nursing facility located at 300 Arlington Road, Logan, Ohio 43138 (the "Logan Facility").

7.     Pickerington is a Delaware limited liability company.  For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members.  Based upon a review of publicly available information, the members of Pickerington are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company.  Based upon information and belief, Mr. Bienstock resides in Chesterfield, MO; Mr. H. Fensterman resides in Port Washington, NY; Mr. J. Fensterman resides in Port Washington, NY; Mr. Landa resides in Lawrence, NY; and Ms. Taub resides in Lawrence, NY. Those individuals do not reside in, are not domiciled in, and therefore are not citizens of Kentucky or Delaware. Further, based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in Lakewood, NJ. He does not reside in, is not domiciled in, and therefore is not a citizen of Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Pickerington is not a citizen of Delaware or Kentucky.  Pickerington may be served through its registered agent CT Corporation System, 4400 Easton Columbus Commons Way, Ste.

125, Columbus, OH 43219. Pickerington owns and/or operates a skilled nursing facility located at 1300 Hill Road N., Pickerington, Ohio 43147 (the "Pickerington Facility").

8.     Winchester is a Delaware limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Winchester are Judah Bienstock, Howard Fensterman, Jordan Fensterman, Benjamin Landa, Miriam Taub, and OHWI Holdings Limited Liability Company. Based upon information and belief, Mr. Bienstock resides in Chesterfield, MO; Mr. H. Fensterman resides in Port Washington, NY; Mr. J. Fensterman resides in Port Washington, NY; Mr. Landa resides in Lawrence, NY; and Ms. Taub resides in Lawrence, NY. Those individuals do not reside in, are not domiciled in, and therefore are not citizens of Kentucky or Delaware. Further, based upon information and belief, OHWI Holdings Limited Liability Company is a New Jersey limited liability company whose member is Baruch Jeremias. Upon information and belief, Mr. Jeremias is an individual who resides in Lakewood, NJ. He does not reside in, is not domiciled in, and therefore is not a citizen of Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Winchester is not a citizen of Delaware or Kentucky. Winchester may be served through its registered agent CT Corporation System, 4400 Easton Columbus Commons Way, Ste. 125, Columbus, OH 43219. Winchester owns and/or operates a skilled nursing facility located at 36 Lehmann Drive, Canal Winchester, Ohio 43110 (the "Winchester Facility") (collectively the Cambridge Facility, Franklin Facility, Lebanon Facility, Logan Facility, Pickerington Facility, and Winchester Facility are the "Facilities" and individually a "Facility").

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     This Court has personal jurisdiction over Defendants as Defendants transact business in this state.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

STATEMENT OF FACTS

12.     On or about October 1, 2016, RehabCare entered into separate but materially similar agreements as modified from time to time with each Defendant to provide therapy services to patients at the Defendants' respective Facilities (the "Agreements").[1]

13.     RehabCare performed all obligations required of it under the Agreements as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

14.     Pursuant to the Agreements and RehabCare's performance thereunder, Defendants are obligated to pay for the services provided by RehabCare.

15.     Despite repeated demands for the sums due and owing under the Agreements, Defendants have failed and refused to pay for services provided by RehabCare. The outstanding balances are accruing interest pursuant to the terms of the Agreements.

16.     RehabCare conferred with Defendants numerous times regarding the outstanding invoices for the services provided and amounts past due and made repeated demands for payment.

17.     During conferences between RehabCare and Defendants, Defendants represented to RehabCare that the outstanding invoices would be paid and requested that RehabCare continue to provide services.

18.     Despite RehabCare's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Defendants failed to pay for services provided by RehabCare.

---

[1] The Agreements contain confidential information, including pricing information, and have not been attached. Copies can be provided to the Court and Defendants upon request and subject to appropriate confidentiality protections.

19.    Defendants entered into the Agreements and any modifications with RehabCare to induce RehabCare to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Agreements.

20.    Upon information and belief, Defendants have been reimbursed by Medicare for all or a significant portion of the services provided by RehabCare, and have directly or indirectly benefitted from such reimbursement.

## COUNT I – BREACH OF CONTRACT

21.    RehabCare incorporates by reference the allegations previously set forth above.

22.    The Agreements are valid and enforceable contracts.

23.    Without legal justification or excuse, Defendants materially breached the Agreements with RehabCare by failing to perform their obligations thereunder.

24.    As a direct and proximate result of the breach of the Agreements, RehabCare has suffered damages.

25.    Interest is accruing at 18% per annum on the unpaid balance of invoices pursuant to paragraph 4(c) of the Agreements.

26.    Paragraph 4(c) of each of the Agreements provides that: "If RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection." RehabCare has incurred attorney fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants.  RehabCare is likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants.

## COUNT II – PROMISSORY ESTOPPEL

27.    In the alternative to Count I, RehabCare asserts this claim for Promissory Estoppel.

28.     Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

29.     Defendants made promises to RehabCare for the purpose of inducing it to continue providing services to Defendants.

30.     RehabCare reasonably relied upon such promises made by Defendants.

31.     Defendants' promises and RehabCare's reliance thereon resulted in detriment and damages to RehabCare and RehabCare is entitled to recover damages in an amount to be proven at trial.

### COUNT III - UNJUST ENRICHMENT

32.     In the alternative to Counts I and II, RehabCare asserts this claim for Unjust Enrichment.

33.     Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

34.     RehabCare has provided valuable services to Defendants for which it has not been paid.

35.     RehabCare's services were rendered under circumstances pursuant to which Defendants reasonably should have expected RehabCare would expect to be compensated.

36.     Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by RehabCare, and have wrongfully and intentionally withheld or will withhold such amounts from RehabCare.

37.     Consequently, Defendants have been unjustly enriched through the receipt of such services and at the expense of RehabCare.

38.     Furthermore, Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to RehabCare if they have not timely paid

9

invoices as required by the Agreements. *See* Medicare Claims Processing Manual, Pub 100-04, Chapter 6, § 10.4.1; *see also* 42 U.S.C. § 1395cc(a)(1)(H)(ii), (g).

39.     For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by RehabCare, plus interest, costs, and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, RehabCare requests judgment against Defendants as follows:

A.     An award of damages in an amount to be proven at trial;

B.     RehabCare's costs, expenses, and attorneys' fees associated with prosecution of this action;

C.     The imposition of a constructive trust on sums received by Defendants as Medicare reimbursement for therapy and rehabilitation services provided by RehabCare and not paid for by Defendants;

D.     Pre-judgment and post-judgment interest; and

E.     All other relief to which RehabCare may be entitled.

Respectfully submitted,

*/s/ Jeffrey R. Teeters*
Jeffrey R. Teeters
WOOD & LAMPING LLP
600 Vine St., Ste. 2500
Cincinnati, OH 45202
Telephone: (513) 852-6050
Facsimile: (513) 419-6450
jrteeters@woodlamping.com

*Counsel for Plaintiff*

2475854.1